UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DAMIAN LITTLE,

Plaintiff,

v.

WELLSPAN HEALTH, et al.,

Defendants.

CIVIL NO. 4:26-CV-01848

(LATELLA, M.J.)

## ORDER

Before the Court is *pro se* Plaintiff Damian Little's Motion for Appointment of Counsel Under 28 U.S.C. § 1915(e)(1) (Doc. 3). Little seeks the appointment of counsel based upon his inability to pay, physical and neurological limitations, complexity of the case, and merits of the claim. (*Id.*).

Indigent civil litigants have neither a Constitutional nor a statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997)). However, 28 U.S.C. § 1915(e)(1) provides district courts with the authority to request appointed counsel for such litigants. *Id.* The Third Circuit has interpreted Section 1915(e)(1) as conferring

1

district courts with broad discretion to determine whether appointment of counsel in a civil case is appropriate. *Id.* (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).

We are mindful of the analysis set forth by the Third Circuit in *Parham*, 126 F.3d at 457. In considering whether to appoint counsel for a litigant in a civil case, the court should first consider whether a plaintiff's claims have some merit in fact in law. *Id.* If so, the court should go on to consider non-exhaustive factors, which should serve as a "guidepost," including:

> (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Id.* Additionally, we are cognizant of the Third Circuit's directive that courts should not request counsel under Section 1915(d) indiscriminately. *Tabron*, 6 F.3d at 157. We must be mindful of "the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights cases filed

2

each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Tabron*, 6 F.3d at 157.

Against that backdrop, we consider Little's Motion. His claims have arguable merit in fact and law, and so, we will go on to consider the other *Parham* factors. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). We note that Plaintiff cogently drafted not only this Complaint, but also two other federal complaints. *See Little v. Geisinger Health System, et al.*, No. 4:26-cv-01847; *Little v. Bolden Reinard*, No. 4:26-cv-01849. He has set forth the facts underlying his claims in an organized, clear, and thoughtful manner. Notwithstanding the number of defendants, we do not deem the legal issues or the necessary factual investigation to be exceptionally complex. While credibility determinations may play a role in the ultimate outcome of this case, we also expect other evidence and legal issues to contribute to Plaintiff's success or failure. Plaintiff includes a claim of "Systemic Abuse of a Disabled Patient & Gross Medical Negligence" against some defendants. A claim for medical negligence may require expert

3

testimony.  Finally, we have granted Plaintiff's motion to proceed *in forma pauperis*, and so, it does not appear that Plaintiff can afford to retain counsel on his own.

Considering the above and weighing the various factors, we find that the *Parham* factors do not weigh in favor of appointing counsel in this matter.  Accordingly, on this 8th day of July, 2026, we will **DENY** his Motion for Appointment of Counsel Under 28 U.S.C. § 1915(e)(1) (Doc. 3) without prejudice to Little's ability to raise the request again in the future if necessary.

**/s/ Leo A. Latella**
Leo A. Latella
United States Magistrate Judge

4